IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **EQUITY ASSET CORPORATION,** ) | |
| ) | |
| **Plaintiff,** ) | CIVIL ACTION |
| ) | |
| v. ) | |
| ) | No. 04-2245-KHV |
| **B/E AEROSPACE, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

Equity Asset Corporation brings suit against B/E Aerospace, Inc. under theories of common law negligence and trespass and the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601 *et seq*. The matter is before the Court on Defendant's Motion For Summary Judgment (Doc. #49) filed May 27, 2005. For reasons stated below, the Court sustains defendant's motion.

### Summary Judgment Standards

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); accord Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Vitkus v. Beatrice Co., 11 F.3d 1535, 1538-39 (10th Cir. 1993). A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law." Anderson, 477 U.S. at 248. A "genuine" factual dispute requires more than a mere scintilla of evidence. Id. at 252.

The moving party bears the initial burden of showing the absence of any genuine issue of material

fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hicks v. City of Watonga, Okla., 942 F.2d 737, 743 (10th Cir. 1991). Once the moving party meets its burden, the burden shifts to the nonmoving party to demonstrate that genuine issues remain for trial "as to those dispositive matters for which it carries the burden of proof." Applied Genetics Int'l, Inc. v. First Affiliated Secs., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991). The nonmoving party may not rest on his pleadings but must set forth specific facts. Applied Genetics, 912 F.2d at 1241.

The Court must view the record in a light most favorable to the party opposing summary judgment. See Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir. 1991). Summary judgment may be granted if the nonmoving party's evidence is merely colorable or is not significantly probative. See Anderson, 477 U.S. at 250-51. "In a response to a motion for summary judgment, a party cannot rest on ignorance of facts, on speculation, or on suspicion, and may not escape summary judgment in the mere hope that something will turn up at trial." Conaway v. Smith, 853 F.2d 789, 794 (10th Cir. 1988). Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251-52.

### **Factual Background**

The following facts are either undisputed or, where disputed, construed in the light most favorable to plaintiff.

Daniel Garth Christie and Michael A. Christie serve as officers and owners of Equity Asset

Corporation. In June of 1996, Steve Feight, a partner in an entity owned by the Christies, entered a contract to purchase property at 10900 Pflumm Road in Lenexa, Kansas. On October 29, 1996, an assignment was executed in relation to the contract to 109th and Pflumm, Inc., prior to the purchase of the property. On January 29, 1998, Underground Environmental Services, Inc. prepared a report for Dan Christie entitled Phase I Environmental Site Assessment.[1] Plaintiff relied on this report in acquiring and developing this property. Plaintiff subsequently constructed a building on the site.

On March 31, 1998, defendant purchased from Puritan Bennett Corporation ("PBC") the operations of a plant located at 10800 Pflumm Road, adjacent to 10900 Pflumm Road. On the same day, through a stock purchase agreement, defendant purchased from PBC all outstanding capital stock of Puritan-Bennett Aero Systems Company.[2] On February 26, 1999, defendant acquired title to 10800 Pflumm Road. On that site, defendant now operates a plant which designs, manufactures and repairs oxygen systems and coffee makers used in aviation.

The groundwater beneath both 10800 Pflumm Road and 10900 Pflumm Road contains contaminants. Prior owners of defendant's plant conducted activities which involved potentially hazardous substances, and underground storage tanks were installed on defendant's property in 1969.[3] Defendant

---

[1] Neither party mentions what the report actually contains. A quick review of the report shows that "[t]his assessment has not revealed any environmental concerns associated with the subject property."

[2] The parties offer no evidence of the relationship between Puritan Bennett Corporation and Puritan-Bennett Aero Systems Company.

[3] Plaintiff asserts that Puritan Bennett Corporation installed the storage tanks which caused contamination in the groundwater. The record to which plaintiff cites includes three letters to Puritan Equipment, Inc. Plaintiff offers no evidence of the relationship between Puritan Bennett Corporation and
(continued...)

has performed remedial activities at 10800 Pflumm Road, including removal of contaminated source material, installation of a pilot plant to treat contaminated soil and groundwater, and installation of six injection wells for the initiation of bioremediation. Defendant has committed to remediation of contaminants present in the groundwater.

Counsel for plaintiff has contacted the Kansas Department of Health and Environment ("KDHE") regarding participation in a voluntary environmental clean-up program. Plaintiff has not taken any action to reduce contamination on its property, however, or expended any remediation costs. Plaintiff does not intend to perform any remediation or incur response costs. To date, plaintiff has not disclosed the contamination to current or prospective lessees and does not know whether leaseholders will renew or desire to remain on the property when they discover that it has been contaminated. Plaintiff has not suffered any decrease in the amount of rents collected from the property as a result of the alleged contamination. Plaintiff, however, did not controvert defendant's factual statements that "Plaintiff has made no attempt to . . . refinance the Property" and that "Plaintiff's effort to secure an agreement with a bank for locating an ATM on the Property has in no way been affected by the contamination." Plaintiff later stated that it was unable to secure financing and provided an unauthenticated letter in support of this statement which does not comply with D. Kan. Rule 56.1(d).

In the Pretrial Order (Doc. #52) filed June 1, 2005, plaintiff contended that as a result of defendant's negligence, hazardous substances from defendant's property have resulted in contamination

---

[3](...continued)
Puritan Equipment, Inc.

of the groundwater.[4]  Plaintiff asserted its claims on alternate theories, including:

1. Defendant negligently contaminated its own property by failing to conduct operations at its plant in a safe and reasonable manner, thereby contaminating Plaintiff's Property (Count I of the Complaint).
2. Defendant's negligence resulted in an unauthorized entry of contaminated groundwater onto the Property, which was and continues to be trespassory (Count II of the Complaint).

Pretrial Order (Doc. #52) at 7.

Defendant argues that it is entitled to summary judgment because the record contains no evidence of negligence or trespass by defendant. Specifically, defendant argues that the record contains insufficient evidence that (1) it breached any duty to plaintiff; (2) it committed any negligent act connected to any injury which plaintiff has sustained; or (3) plaintiff suffered any damages as a result of any negligent act by defendant. Defendant also argues that plaintiff cannot establish the following elements of trespass: (1) entry of a substance on the property which was purposeful or substantially certain to occur; (2) intent to do the act which constituted the invasion of plaintiff's rights; and (3) foreign material which has caused damage to plaintiff. In its opposition brief, but not in the pretrial order, plaintiff contends that defendant is liable for the acts of PBC under a theory of successor liability.

## **Analysis**

### **I. Plaintiff's Theory Of Successor Liability**

Plaintiff contends that defendant has stepped into the shoes of PBC and assumed its liability for both negligence and trespass claims. Under Kansas law, a corporation which buys or transfers all of the

---

[4] Plaintiff also asserted claims under CERCLA but has now stated that it wishes to abandon these claims. See Plaintiff's Suggestions In Opposition To Defendant's Motion For Summary Judgment (Doc. #54) filed June 23, 2005. Defendant does not object.

assets from another corporation may be held liable for the debts and liabilities of the transferor (1) where the purchaser expressly or impliedly agrees to assume such debts; (2) where the transaction amounts to a consolidation or merger of the corporation; (3) where the purchasing corporation is merely a continuation of the selling corporation; or (4) where the transaction is entered into fraudulently to escape liability. Comstock v. Great Lakes Distrib. Co., 209 Kan. 306, 310, 496 P.2d 1308, 1311 (1972). Here, plaintiff merely alleges that defendant is continuing the business of PBC.

Plaintiff first raises this theory of liability in its response to defendant's summary judgment motion. The pretrial order does not allege that defendant is liable for the acts of PBC, and plaintiff may not assert liability based on a new theory in opposition to defendant's motion for summary judgment. See D. Kan. Rule 16.2(c) (pretrial order controls subsequent course of action). Such practice deprives one's adversary of fair notice, possible discovery and the opportunity for motion practice. Wilson v. Muckala, 303 F.3d 1207, 1215 (10th Cir. 2002). Plaintiff may not advance a new theory of successor liability at this stage in the proceedings.

## II.    Negligence

Defendant first argues that plaintiff has not shown any act or omission which breached a duty to plaintiff. In response, plaintiff argues only that defendant is liable for PBC's negligence. Under Kansas law, to prove negligence, plaintiff must establish the following elements: (1) existence of a duty, (2) breach of that duty, (3) injury and (4) a causal connection between the duty breached and the injury suffered. Schmelzle v. Wal-Mart, Inc., 230 F. Supp.2d 1254, 1259 (D. Kan. 2002) (citing Honeycutt ex rel. Phillips v. City of Wichita, 251 Kan. 451, 463, 836 P.2d 1128, 1136 (1992)).

Here, plaintiff articulates no specific negligence by defendant which breached a duty of care, and

careful review of the allegations in the pretrial order reveals no such acts. Plaintiff's contentions in the pretrial order are conclusory and they are not supported by record evidence. Plaintiff has not set forth evidence of a breach of duty. Defendant is therefore entitled to summary judgment.

Defendant also argues that plaintiff has not suffered damages as a result of any negligent act by defendant. Plaintiff contends that (1) it is unable to refinance the property in its current condition; (2) it suffers damages in an amount equal to the costs of insurance premiums necessary to obtain financing and insure around the contaminated condition; and (3) diminution in value. Rule 56(e), Fed. R. Civ. P., provides as follows:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

Plaintiff has only offered an unauthenticated letter as to its inability to refinance the property. While plaintiff has generally asserted in answers to interrogatories that it has suffered damages and will suffer damages, the record contains no evidence or affidavits as to plaintiff's remaining damage claims for insurance premiums and diminution in the value of the property.

### III.   Trespass

Defendant argues that plaintiff has offered no evidence to support its claim of trespass. Plaintiff argues that defendant is liable for the trespassory acts of PBC.

Under Kansas law, trespass is an intentional tort, and plaintiff must show the following elements: (1) that foreign matter entered upon another's land; (2) that the entry was purposeful or substantially certain to occur; (3) that defendant intended the act which constituted the invasion of plaintiff's rights. United

Proteins, Inc. v. Farmland Indus., Inc., 259 Kan. 725, 915 P.2d 80 (1996). The Court has already ruled that plaintiff may not assert successor liability claims based on acts of PBC. Furthermore, plaintiff offers no evidence that the entry of contaminants was purposeful or substantially certain to occur, that defendant intended contaminants to enter plaintiff's property, or that defendant even caused the contamination to enter plaintiff's property. Defendant therefore is entitled to summary judgment on this claim.

## IV.    CERCLA

Plaintiff concedes that its CERCLA claim (Count III) is not ripe. Accordingly, the Court dismisses this claim without prejudice.

**IT IS THEREFORE ORDERED** that Defendant's Motion For Summary Judgment (Doc. #49) filed May 27, 2005, be and hereby is **SUSTAINED** as to Counts I and II. Count III is dismissed without prejudice.

Dated this 29th day of September, 2005 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
Kathryn H. Vratil  
United States District Judge
